**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4278

JAMES LAMONT PITT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-94-33)

Submitted: October 28, 1997

Decided: November 24, 1997

Before WILKINS, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Keith L. Kimball, SYKES, CARNES, BOURDON & AHERN, P.C.,
Virginia Beach, Virginia, for Appellant. Helen F. Fahey, United
States Attorney, Laura M. Everhart, Assistant United States Attorney,
Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Lamont Pitt appeals his sentence of 188 months incarceration for distribution of cocaine base and possession with intent to distribute cocaine base.**1** Pitt, who was resentenced after his firearm conviction**2** was vacated pursuant to <u>Bailey v. United States</u> , ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (No. 94-7448, 94-7492), now contends that he should be sentenced in accordance with the powder cocaine sentencing guidelines rather than the more severe "crack" cocaine guidelines. Finding Pitt's claim without merit, we affirm his sentence.

Relying on <u>United States v. James</u>, 78 F.3d 851 (3d Cir. 1996), <u>cert. denied</u>, ___ U.S. ___, 65 U.S.L.W. 3259 (U.S. Oct. 7, 1996) (No. 95-9224), Pitt argues that the government failed to prove that he possessed crack, as opposed to another form of cocaine base. While Pitt did not contend at sentencing that the substance he possessed was anything other than crack cocaine, he now argues that he should be resentenced under the powder cocaine guidelines because he was convicted of distributing cocaine base and possession with intent to distribute cocaine base, and the government failed to prove that the specific type of "cocaine base" at issue was indeed "crack."**3**

Pitt's reliance upon <u>James</u> is misplaced. <u>James</u> involved an indictment that charged possession of "a detectable amount of cocaine base" and an ambiguous plea colloquy.**4** Furthermore, the issue was hotly litigated at sentencing, and the district court eschewed any specific factual findings, holding only that "cocaine base means crack for purposes of the guidelines."**5** Faced with the ambiguities in the record and the lack of factual findings by the district court, the Third Circuit

_____

**1 <u>See</u>** 21 U.S.C. § 841(a)(1) (1994).

**2 <u>See</u>** 18 U.S.C. § 924(c) (West Supp. 1997).
**3** U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(D) (1995) (specifically noting that "crack" is but one form of "cocaine base").
**4 <u>See James</u>**, 78 F.3d at 855-56.

**5 <u>Id.</u>** at 856-57.

2

found that the government had failed to prove that the substance at issue was crack cocaine. The court then remanded for resentencing.**6**

However, in this case, unlike James, there is no ambiguity. Pitt was convicted on indictment charging him with distribution of "Cocaine Base, Commonly Known as `Crack.'" Furthermore, while Pitt objected to the quantity of drugs used to calculate his sentence in the presentence report, he did not object to the characterization of the drugs as crack cocaine or to a sentence under the crack guidelines. In so doing, Pitt demonstrated his understanding that the term "cocaine base" in the presentence report referred to "crack," and thereby waived his present claim by not raising it at sentencing. Finally, the guidelines specifically state that the Sentencing Commission uses the term "cocaine base" to refer to "crack."**7** Pitt's suppression hearing, trial, presentence report, and sentencing hearing are replete with references to cocaine base, and it is abundantly clear that all parties understood the term "cocaine base" to mean "crack." In the absence of evidence that the substance was another form of cocaine base and absent any contemporaneous objection by Pitt, his argument must fail.

In sum, there was sufficient evidence in the record to support, by a preponderance of the evidence, that the substance at issue was crack cocaine. Significantly, there was no evidence to the contrary, and no objection by Pitt to the computation of his sentence under the crack guidelines. Furthermore, because we have not adopted the holding of James, the district court did not commit plain error by sentencing Pitt under the crack cocaine guidelines.**8**

Accordingly, we affirm Pitt's sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**6 Id.** at 858.
**7** USSG § 2D1.1(c)(D).

**8 See United States v. Olano**, 507 U.S. 725, 734 (1993) (claim raised for the first time on appeal cannot justify reversal unless the error is "clear under current law").

3